# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. JACKSON, JR. and SUZETTE JACKSON,<br><br>Appellants,<br><br>v.<br><br>BRECKENRIDGE PROPERTY FUND 2016,<br><br>Appellee. | Case No.: 3:24-cv-960-CAB-SBC<br><br>**ORDER DISMISSING APPEAL WITH PREJUDICE**<br><br>[ECF No. 1] |

This case comes back to the district court after an unsuccessful appeal to the Ninth Circuit. The Circuit dismissed Appellants' case for lack of jurisdiction. [ECF No. 25.] Although they do so after the passing of their judicially extended deadline, Appellants have now filed an opening brief. [ECF No. 26.] The Court has demanded—multiple times—that Appellants serve their brief on the Appellee. [ECF Nos. 5, 21]; *see* Fed. R. Bankr. P. 8011. Appellants have yet to provide any proof that Appellee has been served with notice of this bankruptcy appeal.

But another defect plagues this case, and to explain it, the Court briefly sketches the history of the proceeding before the bankruptcy judge. Based on the record before the Court, the key property at issue in the underlying bankruptcy case was a foreclosed home that Appellants claimed some prior interest in.[1] [*See* Bankruptcy Court Hearing ("Hr'g") at 5:00–5:50.] This home was auctioned off to Appellee, a real party in interest in the bankruptcy case. [Case No. 24-00020-MM7, ECF No. 18-1 at 2.] Appellants filed for bankruptcy *after* the home in question was foreclosed upon. [Hr'g at 5:00–5:48.] The automatic stay triggered by 11 U.S.C. § 362(a) did not go into effect until after the sale (and thus did not prevent the sale). [*Id.* at 9:35–11:38.] The only transaction that the automatic stay could have applied to was the recording of the deed of sale. [*Id.* at 18:52–19:07.] The Appellee recorded the deed in apparent violation of the automatic stay because, from their representation, they did not know about the Appellants' bankruptcy filing and the automatic stay since Appellants never provided notice about the bankruptcy. [*See id.* at 22:27–23:20.]

At a hearing attended by Appellants (proceeding pro se) and Appellee (represented by counsel), Appellee sought annulment of the automatic stay to validate the recording of the deed. [*Id.* at 5:58–6:34.] In response, Appellants sought to undo the sale of the property at issue and the recording of the deed. [*See id.* at 10:37–11:38.] The bankruptcy judge found: (1) the Appellee never had notice of the bankruptcy prior to the recording of the deed, (2) that neither party acted in any bad faith, and (3) applying the factors promulgated *In re Fjeldsted*, 293 B.R. 12 (B.A.P. 9th Cir. 2003), that the automatic stay should be annulled. [Hr'g at 16:40–20:22.] The bankruptcy judge made clear that the Appellants retained their unlawful detainer arguments for their ongoing state court proceeding, and that the only legal issue properly before the bankruptcy court was the annulment of the automatic stay. [*Id.* at 20:24–21:40.]

---

[1] The audio from the May 24, 2024 hearing before the bankruptcy judge has been made part of the record. [ECF No. 14.]

For purposes of this appeal, the sole issue for adjudication is the bankruptcy judge's decision to annul the automatic stay. If the Court had jurisdiction to do so, it would review that decision under an abuse of discretion standard.[2] *In re Fjeldsted*, 293 B.R. at 18. But the record makes clear that Appellants never moved to stay the bankruptcy court's decision pending appeal. *See* Fed. R. Bankr. P. 8007. Reversing the bankruptcy court for an abuse of discretion, to put it simply, would no longer stay anything. In summary, even if there were grounds to reverse the bankruptcy court's well-reasoned decision, Appellants lack standing to pursue this claim. *See In re Ellis*, No. BAP CC-04-1460-BMAMC, 2005 WL 6960189, at *4 (B.A.P. 9th Cir. Nov. 17, 2005) (dismissing a challenge to an annulment on jurisdictional grounds since appellant "did not obtain a stay pending appeal" and he "no longer ha[d] an interest in the property"); *see also* In re P.R.T.C., Inc., 177 F.3d 774, 777 (9th Cir. 1999).

The Court **DISMISSES** this case for lack of jurisdiction. As no relief can be provided to Appellants, this dismissal is with prejudice.

It is **SO ORDERED**.

Dated: December 16, 2024

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[2] "This court must accept the bankruptcy court's findings of fact unless, upon review, the court is left with the definite and firm conviction that a mistake has been committed by the bankruptcy judge." *In re Greene*, 583 F.3d 614, 618 (9th Cir. 2009).